# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STICKLER, | CASE NO. 12-CV-613 - IEG (KSC) |
| Plaintiff, | **ORDER:** |
| | **(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;** |
| | [Doc. No. 2] |
| vs. | |
| | **(2) *SUA SPONTE* DISMISSING COMPLAINT; AND** |
| | [Doc. No. 1] |
| MISTY PROAK, | **(3) DENYING WITHOUT PREJUDICE AS MOOT MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR APPOINTMENT OF COUNSEL** |
| Defendant. | |
| | [Doc. Nos. 1, 3] |

Plaintiff Pamela Stickler ("Plaintiff") commenced this action on March 9, 2012 against Defendant Misty Proak ("Defendant").  [Doc. No. 1, Compl.]  Along with her complaint, Plaintiff submitted a motion to proceed *in forma pauperis* and a motion for the appointment of counsel. [Doc. Nos. 2-3.]  Having considered Plaintiff's submissions, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint, and **DENIES AS MOOT** Plaintiff's motion for the appointment of counsel and Plaintiff's motion for a

1  temporary restraining order.

2  **DISCUSSION**

3  **I.      MOTION TO PROCEED** *IN FORMA PAUPERIS*

4       All parties instituting any civil action, suit, or proceeding in a district court, except an

5  application for writ of habeas corpus, must pay a filing fee of $350.  <u>See</u> 28 U.S.C. § 1914(a).

6  However, an action may proceed despite failure to pay the filing fee if the party is granted an *in*

7  *forma pauperis* ("IFP") status.  <u>See</u> <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1177 (9th Cir. 1999).  The

8  Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees

9  or give security therefor.  28 U.S.C. § 1915(a).

10      In the present case, having reviewed Plaintiff's motion and declaration in support of the

11 motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required

12 filing fees.  <u>See</u> <u>Rodriguez</u>, 169 F.3d at 1177.  Accordingly, good cause appearing, the Court

13 **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

14 **II.     INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

15      After granting IFP status, the Court must dismiss the case if the complaint "fails to state a

16 claim on which relief may be granted" or is "frivolous."  28 U.S.C. § 1915(e)(2)(B); <u>see also</u> <u>Lopez</u>

17 <u>v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

18 only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails

19 to state a claim).  In order to properly state a claim for relief, "a complaint must contain sufficient

20 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v.</u>

21 <u>Iqbal</u>,–U.S.–, 129 S. Ct. 1937, 1949 (2009).  A complaint must contain more than a "labels and

22 conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual

23 allegations sufficient to "raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v.</u>

24 <u>Twombly</u>, 550 U.S. 544, 555 (2007).  "'The pleading must contain something more . . . than . . . a

25 statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  <u>Id.</u>

26      A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  <u>Neitzke</u>

27 <u>v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in <u>Lopez v. Smith</u>,

28 203 F.3d 1122, 1126 (9th Cir. 2000)).  Where a complaint fails to state "any constitutional or

1  statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there

2  is no "arguable basis in law" under <u>Neitzke</u>, and the court on its own initiative may decline to

3  permit the plaintiff to proceed and dismiss the complaint under Section 1915.  <u>Cato v. United</u>

4  <u>States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

5       As currently pleaded, Plaintiff's complaint fails to state a cognizable claim and is frivolous

6  to the extent it lacks an arguable basis in law.  Plaintiff alleges that Defendant told a pastor that he

7  did not have to give Plaintiff financial help when she requested help from a Lutheran Church.

8  [<u>Compl.</u> at 2.]  Plaintiff also alleges that Defendant might have called the police when Plaintiff was

9  attending a church in old town San Diego.  [<u>Id.</u>]  These allegations fail to identify any constitutional

10  or statutory right that Defendant violated, and they fail to provide any facts that could establish a

11  cause of action against Defendant.  In addition, Plaintiff fails to assert any basis for federal subject

12  matter jurisdiction.

13       Even affording Plaintiff's complaint the special consideration given to *pro se* claimants, her

14  allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable legal

15  theory against Defendant.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE**

16  Plaintiff's complaint as frivolous and for failure to state a claim upon which relief can be granted.

17  **III.     MOTION FOR APPOINTMENT OF COUNSEL**

18       In addition to her complaint, Plaintiff has filed a motion for appointment of counsel.  [Doc.

19  No. 3.]  Plaintiff's complaint also appears to be requesting a temporary restraining order ("TRO")

20  against Defendant.  [<u>Compl.</u> at 2.]  Because the Court dismisses Plaintiff's complaint in its entirety

21  without prejudice, Plaintiff's motion for appointment of counsel and motion for a TRO are

22  **DENIED WITHOUT PREJUDICE** as moot.

23                              <u>**CONCLUSION**</u>

24       Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma*

25  *Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES WITHOUT PREJUDICE** Plaintiff's

26  complaint as frivolous and for failure to state a claim upon which relief can be granted.  The Court

27  also **DENIES WITHOUT PREJUDICE** as moot Plaintiff's motion for appointment of counsel

28  and Plaintiff's motion for a TRO.

12cv613

1    Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First

2    Amended Complaint addressing the deficiencies of the pleading set forth above.  Plaintiff is

3    cautioned her First Amended Complaint must be complete in itself, without relying on references to

4    the original Complaint.  Plaintiff is further cautioned any defendant not named or claim not

5    re-alleged will be considered waived.  See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir. 1996).

6    Plaintiff is also cautioned that if her amended complaint does not state a claim, the Court may

7    dismiss her complaint without leave to amend.

8    **IT IS SO ORDERED.**

9    **DATED:** March 22, 2012

10                                        **IRMA E. GONZALEZ**
                                          **United States District Judge**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

12cv613